UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI—EASTERN DIVISION

| | |
|---|---|
| MELISSA KARCHER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: |
| | ) |
| ASCENSION HEALTH | ) |
| | ) |
| Serve:  Ascension Health | ) |
| Christine McCoy | ) |
| 4600 Edmundson Road | ) |
| St. Louis, MO 63134 | ) |
| and | ) |
| | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES, INC. | ) |
| | ) |
| Serve:  CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Melissa Karcher, by and through her attorneys, Bollwerk &

Tatlow, LLC and co-counsel Serafini, Michalowski, Derkacz & Associates, and for his

Complaint states as follows:

1.      This is an action arising under the Employee Retirement Income Security Act

of 1974, as amended, 29 U.S.C. § 1001 et seq. (ERISA), to recover benefits due under an

employee insurance program, as well as reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

2.      This is an action brought pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §

1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in

controversy or the citizenship of the parties.

1

3.      Venue is proper in this District Court pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and all Defendants reside or may be found in this District, and, pursuant to 28 U.S.C. § 1391(b), in that the causes of action arose in this District.

## PARTIES

4.      Plaintiff Melissa Karcher (hereinafter "Plaintiff") is an individual residing in Midland, Michigan. Plaintiff is a vested participant in the Group Insurance Plan for certain employees of Ascension Health (hereinafter "Ascension"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1002.

5.      Plaintiff was employed as a Business Manager for a subsidiary of Ascension, the employees of which are eligible participants in the Plan. She has standing to bring this action under 29 U.S.C. § 1132(a).

6.      Defendant Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick") and Ascension provide coverage for certain employees of Ascension under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). Sedgwick was an administrator of a disability benefits plan operated by Ascension. Both Defendants do business in Missouri and are authorized to sue and be sued in Missouri.

7.      Ascension is a corporation headquartered in St. Louis, Missouri. Ascension is a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(A). Ascension is a "party in interest" within the meaning of 29 U.S.C. § 1002(14).

8.      Sedgwick is the claims administrator under the Plan. Sedgwick makes its decisions in conjunction with Ascension regarding coverage under the Plan.

## LIABILITY

9.      Under the Plan, benefits may be payable while the insured is Disabled:

1.12 Disability or Disabled means that due to an Injury or Sickness which is supported by objective medical evidence.

(a) the Participant requires and is receiving from a Licensed Physician regular, ongoing medical care and is following the course of treatment recommended by the Licensed Physician; and

(b) either (1) or (2) below is satisfied:

(1) The Participant is unable to perform:

(A) during the first 24 months of Benefit payments , or eligibility for Benefit payments, each of the Material Duties of the Participant's Regular Occupation; and

(B) after the first 24 months of Benefit payments, or eligibility for Benefit payments, any work or service for which the Participant is reasonably qualified taking Into consideration the Participant's training, education, experience and past earnings.

10.     Plaintiff was employed as a full time employee by Ascension in the state of Michigan. During this period of time, she was a "covered person" under the Plan.

11.     During that period of time, Plaintiff became totally disabled for a period of more than one hundred eighty (180) consecutive days. Plaintiff became disabled through sickness, injury or both. She was not able to perform the material duties of her regular occupation during the first 24 months of her disability, and thereafter has not been able to perform any work or service for which the Participant is reasonably qualified taking into consideration her training, education, experience, and past earnings.  As such, he is entitled to Disability benefits under the Plan.

12.     Plaintiff suffered from significant orthopedic neck and back problems.  As a result of her ongoing significant problems she underwent back surgery in 2014.  Even after her surgery she continued to experience significant pain and problems resulting in her inability to work.

3

13.    Plaintiff submitted her claim for benefits to Sedgwick alleging that she was Disabled. Defendants approved her claim for benefits and began paying her monthly benefits.

14.    Despite her ongoing pain and problems Defendants terminated Plaintiff's claim for benefits in 2015.

15.    Plaintiff appealed this decision supporting her claim with medical records from her multiple treating physicians and with statements from his treating physician, Dr. Salibi. Plaintiff also submitted a functional capacity evaluation completed by a physical therapist indicating she was not capable of performing the physical duties of her occupation.

16.    Defendants again denied Plaintiff's claim on or about September 30, 2016.

17.    Although Plaintiff submitted her above-referenced medical documentation to Defendants in a timely and appropriate manner, and although Defendants do not dispute that Plaintiff's disability originally prohibited her from engaging in her regular occupation and there was no evidence of any substantial improvement in her condition, they denied her claim. Further, Defendants dismissed the assertion of Plaintiff's treating physicians that Plaintiff's physical disabilities rendered her Disabled. Instead, without any sound evidence or medical examination they focused on Defendant's own self-serving assertion and opinion that Plaintiff was not disabled.

18.    Defendants did not carefully consider Plaintiff's claim but chose to base their denial on speculation and conjecture.

19.    Further, Defendants acted arbitrarily and capriciously in denying Plaintiff's claim while attempting to create the appearance of a full and fair review by focusing only on records that suggested a less severe disability than that supported by the record as a whole. Further, Defendants did not refer her for physical, psychological, or vocational examination.

20.    For the reasons explained above, Defendants acted in bad faith and breached their fiduciary duty to Plaintiff and they operated under a conflict of interest due to the fact

4

that Defendants, in reviewing and deciding the claim, had a financial incentive to deny the claim because it also had to pay Plaintiff if it granted the claim.

## STANDARD OF REVIEW

21.    The plan, which was amended after March 30,

22.    2007, provides that the claims administrator shall have discretionary authority to determine eligibility for benefits.

23.    However, the Michigan Office of Financial and Insurance Services ("OFIS"), effective March 1, 2007 promulgated Mich. Admin. Code Rules 500.2201-500.2202 which provides:

> (b) On and after (March 1, 2007), an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a discretionary clause. This does not apply to a contract document in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> (c) On and after (March 1, 2007) a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect. This does not apply to contract documents in use before that date, but does apply to any such document revised in any respect on or after that date.

24.    An examination of the contract documents clearly demonstrate the policy was amended on September 20, 2007 and again on March 12, 2008.  Further the amendment was "issued, advertised or delivered to a[ny] person" in Michigan.

25.    Accordingly, as Defendants contract documents were amended after March 1, 2007 the Court should conduct a de novo review of the administrative record in this matter.

## DAMAGES

29.    Plaintiff is entitled to disability benefits under the plan plus interest from the date of the claims denial to the date of judgment.

30.    Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. Sec. 1132(g).

WHEREFORE, Plaintiff respectfully prays that this Court award him damages against Defendants including all past due benefits plus interest on past due sums, reasonable attorneys' fees and costs, as well as prejudgment and post-judgment interest, and for such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

//S// Phillip A. Tatlow
Phillip A. Tatlow, #43164 MO
Bollwerk & Tatlow LLC
10525 Big Bend Boulevard
Kirkwood, MO 63122
(314) 315-8111
(314) 315-8113
pat@bollwerktatlow.com

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri    ☑

| | |
|---|---|
| Melissa Karcher | ) |
| *Plaintiff* | ) |
| v. | ) |
| Ascension Health & Sedgwick Claims Mgmt. Serv. Inc. | ) |
| *Defendant* | ) |

Civil Action No.

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Ascension Health & Sedgwick Claims Management Services, Inc.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within    45    days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:      03/27/2017

_____
*Signature of the attorney or unrepresented party*

Phillip A. Tatlow
*Printed name*

10525 Big Bend Blvd.
St. Louis, MO 63122
*Address*

pat@bollwerktatlow.com
*E-mail address*

314-315-8111
*Telephone number*